UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No.: 15-CV-60621-GAYLES/TURNOFF

ROZALIA WILLIAMS,                              )
                                               )
    Plaintiff,                                 )
                                               )
v.                                             )
                                               )
FLORIDA ATLANTIC UNIVERSITY,                   )
CHARLES L. BROWN, Sr., an individual,          )
and COREY KING, an individual.                 )
                                               )
    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT COREY KING'S MOTION TO DIMSISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Rozalia Williams ("Plaintiff" or "Williams"), by and through her undersigned counsel, hereby files her Response in Opposition to Defendant, Corey King's ("Defendant" or "King") Motion to Dismiss Plaintiff's Second Amended Complaint("Complaint"), as follows:

**PREMLIMINARY STATEMENT**

Williams filed her Complaint on September 28, 2015. [D.E. 35] On October 13, 2015, King filed his Motion to Dismiss ("Motion"). [D.E. 41] King's Motion should be denied for the following reasons: 1) Williams has appropriately stated a claim pursuant to 42 U.S.C. §1983 and 2) Williams has properly alleged a violation of the Equal Protection Clause and King is not entitled to qualified immunity.

**MEMORANDUM OF LAW**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss**,** the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Bishop v. Ross Earle & Bonan, P.A.*, 2015 U.S. Dist. LEXIS 61305, 4-5 (S.D. Fla. May 11, 2015) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merit of the plaintiff's case." 5A Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 1356 (3d ed. 2004). In ruling on a motion to dismiss, therefore, the scope of the Court's review is "limited to the four corners of the complaint," *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002), and "the facts stated in [the] complaint and ***all reasonable inferences therefrom*** are taken as true," *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002) (emphasis added). Accordingly, "the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is exceedingly low." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Moreover, a complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading

defect." *Hilson v. D'More Help, Inc.*, 2015 U.S. Dist. LEXIS 50271, 14 (S.D. Fla. Apr. 15, 2015) (*quoting Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000)).

      A.     **Williams has appropriately stated a claim pursuant to 42 U.S.C. §1983.**

42 U.S.C. § 1983, commonly referred to as "Section 1983" provides:

> Every ***person*** who under color of any ***statute***, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, ***subjects, or causes to be subjected, any citizen*** of the United States or other person within the jurisdiction thereof ***to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress***…

42 U.S.C. § 1983 (emphasis added). While Section 1983 is *not* itself a source of substantive rights, it provides a method for the vindication of rights elsewhere conferred in the United States Constitution and Laws. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Almand v. DeKalb County*, 103 F.3d 1510, 1513 (11th Cir. 1997). An individual-capacity Section 1983 claim "seek[s] to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To prevail on an individual-capacity claim, a plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id*. at 166. Therefore, Williams may prevail on a Section 1983 claim if she can demonstrate that King deprived her of rights secured by the United States Constitution or federal statutes. *Id.* Here, Williams acknowledges that an individual cannot be liable Title VII of the Civil Rights Act of 1964 ("Title VII") or the Florida Civil Rights Act ("FCRA"). Williams, however, alleges an equal protection claim pursuant to the Fourteenth Amendment. *See* Count VII of Williams' Complaint.

**B.     Williams has properly alleged a violation of the Equal Protection Clause and King is not entitled to qualified immunity defense.**

**1.     Williams has properly alleged a violation of the Equal Protection Clause**

In his Motion, King alleges that he is entitled to qualified immunity from Williams' Section 1983 claims because Williams failed to allege the violation of any constitutional right. As an initial matter, King is incorrect that Williams failed to <u>allege</u> the violation of any constitutional right. The Supreme Court has held that a "necessary concomitant" to the question of whether a plaintiff has alleged a violation of a clearly established federal right is "the determination of whether the plaintiff has asserted a violation of a constitutional right *at all*." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also*, *GJR Invs. v. County of Escambia,* 132 F.3d 1359 (11th Cir. 1998). In her Complaint, Williams specifically alleges that "King willfully, maliciously and deliberately discriminated against Williams based on her race, gender and age and retaliated against her in violation of the Fourteenth Amendment and Equal Protection Clause of the United States Constitution and in violation of Title VII and the FCRA." *See* ¶170 of Williams' Complaint. Thus, Williams has appropriately alleged a violation of a clearly established federal right and King is not entitled to qualified immunity.

**2.     Williams has properly alleged her discrimination claims.**

In his Motion to Dismiss, King also argues that Williams failed to properly allege her discrimination claims. The burden-shifting paradigm of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to Section 1983 discrimination claims. *Busby v. City of Orlando*, 931 F.2d 764, 777 (11th Cir. Fla. 1991); *Lee v. Conecuh County Bd. of Educ.*, 634 F.2d 959, 962 (5th Cir. 1981) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 579-80 (1978)). To prevail on a claim for discrimination Williams must show that: (1) she is a member of a

4

protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-situated individual outside her protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. Fla. 2003). King also argues that Williams is required to identify a comparator that is nearly identical to Williams. King is again mistaken as to the law at this stage of the pleadings. A plaintiff may sufficiently state a discrimination claim by making out a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, (1973), however, a plaintiff need not necessarily do so to survive a motion to dismiss under Rule 12(b)(6).) *Wooding v. Five Suns Aventura, LLC*, 2012 U.S. Dist. LEXIS 27598, *9 (S.D. Fla. Mar. 2, 2012). Moreover, "a complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed. Appx. 935, 937 (11th Cir. Ga. 2011) (*citing Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 997-98, 152 L. Ed. 2d 1 (2002)). A plaintiff must, however, plead sufficient facts to state a claim to relief that is plausible on its face. *Wooding*, 2012 U.S. Dist. LEXIS 27598 at *9.

### 3. Williams properly states a claim for gender discrimination

Here, Williams has sufficiently alleged a claim for gender discrimination. While King is correct in stating that Williams identified Terry Mena and A.J.Chase as comparators, it ignores Williams' actual claims of Count VII where she only alleges that she was treated differently than Terry Mena, a Hispanic male and was replaced by Dr. William Horstman, a Caucasian male. *See* Count I of Williams' Complaint. King may argue that Williams incorporates Paragraphs 1-83 in Count VII, however, Williams does not specifically identify, A.J. Chase, a female, as a

5

comparator for purposes of her gender discrimination claim. Thus, King's arguments fail and its Motion to Dismiss should be denied.

### 4. Williams properly states a claim for age discrimination

To establish *a prima facie* case of age discrimination, Williams must allege and prove: (1) that she was a member of the protected group of persons, (2) that she was subject to an adverse employment action, (3) the she was qualified for the position, and (4) that a **substantially younger person** filled the position from which she was discharged. *Murphy v. Sun-Sentinel Co.*, 2005 U.S. Dist. LEXIS 48385, 8-9 (S.D. Fla. Aug. 17, 2005) (emphasis added). Under this framework, if a plaintiff establishes a *prima facie* case of discrimination, the defendant must articulate a legitimate, nondiscriminatory reason for its employment decision; in response, the plaintiff is afforded an opportunity to show that the reason is a pretext for discrimination. *Id.*; *McDonnell Douglas*, 411 U.S. at 804.

Here, Williams has properly alleged that she was subject to adverse employment action, that she was qualified for the position of Associate Dean and that a substantially younger person replaced her. King argues that Williams did not allege a substantially younger person replaced her. King also improperly argues, without providing any support, that Williams is required to allege facts showing that similarly situated employees younger than forty received more favorable treatment. King's argument fails as Williams' alleged someone substantially younger replaced her. *See* Paragraph 145 of Williams' Complaint. Moreover, King is incorrect in its application of the law. As discussed, in detail, in *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1442-43 (11th Cir. 1985), a prima facie case of age discrimination could be established by a showing of a replacement within the same protected group and who is over forty years of age. Specifically, the Eleventh Circuit stated: "[t]hat the person is replaced by a person ten years

younger rather than twenty years does not diminish the discrimination; the subtlety only tends to disguise it." *Id.*, *see also*, *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359-60 (11th Cir. 1999) (a five-year age difference between a plaintiff and his replacement satisfied the "substantially younger" replacement requirement.); *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir. 1997) (holding that plaintiff aged 42, who was replaced by employee aged 39, met the "substantially younger" requirement under the ADEA). Therefore, the standard is "substantially younger" and not younger than forty, as claimed by King.

The ADEA forbids discharging an employee who is at least 40 years of age "because of" the employee's age.[1] *See* 29 U.S.C. §§ 623(a)(1), 631(a). To prevail on an age-discrimination claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009)[2]; *Ayala v. Lambert*, 594 Fed. Appx. 602, 603 (11th Cir. Fla. 2015) In a disparate treatment case, therefore, the plaintiff need only prove that "the employee's protected trait actually played a role in [the employer's decisionmaking process] and had a determinative influence on the outcome." *Id*. (emphasis in original) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). Here, King argues that Williams is allowed to plead in the alternative but claims that she cannot sustain her age discrimination claim because she will have to prove a but-for causation with regard to her age discrimination claim. In essence, King is arguing that Williams cannot file a cause of action for age discrimination

---

[1] "Federal case law interpreting . . . the ADEA applies to cases arising under the FCRA." *Ashkenazi v. S. Broward Hosp. Dist.*, 2015 U.S. App. LEXIS 6717, 4 (11th Cir. Fla. Apr. 23, 2015), *quoting City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008).
[2] While acknowledging that *Gross* eliminated the "mixed-motive" case under the ADEA, Courts have held that *Gross* does not alter the use of the burden-shifting framework for cases where the alleged discrimination is indirect. *McQueen v. Wells Fargo*, 573 Fed. Appx. 836, 839 (11th Cir. Ala. 2014); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332-33, 1337 (11th Cir. 2013); *Horn v. United Parcel Services, Inc.*, 433 Fed. Appx. 788, 793 (11th Cir. 2011); *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002).

because she has claims for race and gender discrimination and will not be able to show that she was terminated "but-for" her age. Notably, King makes these arguments without any support for its arguments. In fact, King concedes that Williams is allowed to plead in the alternative. As discussed above, Williams has pled sufficient facts to support and proceed with her age discrimination case. Accordingly, King's Motion must be denied.

> C. **Williams has appropriately alleged that King acted with a discriminatory animus.**

In his Motion to Dismiss, King argues that Williams must allege that he was motivated by discriminatory animus. King further argues that Williams has not alleged that King had any involvement in the decision to terminate her employment. King's arguments are meritless. Here, Williams clearly alleges that King held supervisory and decision-making authority over her employment. *See* ¶¶ 10 and 168 of Williams' Complaint. Furthermore, Williams alleges that King deprived her of her constitutional rights to equal protection of the law and maliciously and deliberately discriminated against Williams because of her race, gender and age. *See* Count VII of Williams' Complaint. Moreover, paragraphs 30-83 of Williams' Complaint lists various acts committed by King that support his motivation for discrimination against Williams. Additionally, King's claim that he did not participate in Williams' termination meeting is without merit. The elements necessary to allege a claim for discrimination simply do not support King's arguments. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. Fla. 2003); *Wooding v. Five Suns Aventura, LLC*, 2012 U.S. Dist. LEXIS 27598, *9 (S.D. Fla. Mar. 2, 2012). While King's arguments would pass muster in the summary judgment stage, it does not warrant dismissal of Williams' claims against him. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations).

Case No.: 15-CV-60621-GAYLES/TURNOFF

**CONCLUSION**

Plaintiff, Rozalia Williams, respectfully requests that this Honorable Court deny Corey King's Motion to Dismiss in its entirety.

Dated: November 20, 2015.

By:*/s/Ria N. Chattergoon*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**
**ROZALIA WILLIAMS V. FLORIDA ATLANTIC UNIVERSITY, ET. AL**
**CASE NO.: 15-CV-60621-DPG**

| R. Martin Saenz, Esq. | Oscar E. Marrero |
|---|---|
| Florida Bar No. 0640166 | Florida Bar. No. 372714 |
| E-mail: msaenz@saenzanderson.com | E-mail: oem@marrerolegal.com |

Case No.: 15-CV-60621-GAYLES/TURNOFF

| | |
|---|---|
| Ria N. Chattergoon, Esq.<br>Florida Bar No. 015099<br>E-mail: ria@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 N.E. 30th Avenue, Suite 800<br>Aventura, FL 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>***Counsel for Plaintiff*** | Lourdes Espino Wydler<br>Florida Bar No.: 719811<br>E-Mail: lew@marrerolegal.com<br>Alexandra C. Hayes<br>Florida Bar No. 109482<br>E-mail: ach@marrerolegal.com<br>Marrero &Wydler<br>Douglas Center, PH-4<br>2600 Douglas Road,<br>Coral Gables, FL 33131<br>Telephone: (305) 446-5528<br>Facsimile: (305) 446-0995<br>***Counsel for Defendant FAU and Corey King***<br><br>Christopher J. Whitelock<br>Florida Bar No.: 0067539<br>E-mail: cjw@whitelocklegal.com<br>Whitelock & Associates,P.A.<br>300 Southeast Thirteenth Street<br>Ft. Lauderdale, FL 33316<br>Telephone: (954) 463-2001<br>Facsimile: (954) 463-0410<br>***Counsel for Defendant, Dr. Charles L. Brown, Sr.*** |