**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-60621-CIV-GAYLES/TURNOFF

ROZALIA WILLIAMS,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY,
BOARD OF TRUSTEES, CHARLES L.
BROWN, an individual, and
COREY KING, and individual,

    Defendants.
_____/

**ORDER**

    **THIS CAUSE** comes before the Court upon Defendant Dr. Charles L. Brown Sr.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law [ECF No. 40], Defendant Corey King's Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 41], and Defendant Florida Atlantic University Board of Trustees' Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 42]. The Court has carefully reviewed the Motions, the record, and the applicable law. For the reasons set forth below, Defendants' Motions are granted in part and denied in part.

**BACKGROUND**[1]

    Plaintiff Rosalia Williams ("Plaintiff") brings this action against Defendants Florida Atlantic University Board of Trustees ("FAU"), Charles L. Brown ("Brown"), and Corey King ("King")

---

[1]     As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations, set forth below, as true. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

(collectively "Defendants") alleging Defendants discriminated and retaliated against her based on her gender, race, and age.

**I. The Allegations**

Plaintiff is an African-American woman over the age of fifty-five. She worked for FAU for over ten years, until her termination in October, 2013. In support of her claims, Plaintiff details several incidents, spanning a four-year period, when FAU, Brown, and/or King mistreated her. At the time of alleged acts, Brown was FAU's Senior Vice President of Student Affairs and King was FAU's Associate Vice President and Dean of Students and Plaintiff's supervisor.

<u>King's March 2009 Comments about Women</u>

In March 2009, Plaintiff complained to FAU's Equal Opportunity Programs Director that King was making sexist and derogatory comments. Following her complaint, Brown and King admonished Plaintiff for not reporting her concerns directly to King.

<u>King's April 2009 Comments about Plaintiff's Education</u>

On April 15, 2009, King ridiculed Plaintiff's use of "big words" and her Harvard education. Plaintiff does not allege that King based his comments on Plaintiff's gender, race, or age.

<u>June 2009 Changes</u>

On June 20, 2009, King pressured Plaintiff to complete an assessment plan three months early, but did not ask any other similarly situated person to expedite their plans. Three days later, King changed Plaintiff's schedule.

<u>Spring 2010 Promotion</u>

FAU offered Plaintiff the Associate Dean position in the spring of 2010. Following Plaintiff's acceptance of the offer, Brown demanded that she accept a lower salary. Plaintiff refused, and Brown became verbally abusive to her. Plaintiff alleges that following this incident, Brown's abusive

2

conduct towards her increased in intensity. She does not allege that Brown's actions were related to her gender, race, or age.

## 2012 Incidents

On March 20, 2012, Brown referred to middle school students as "brats," and incapable of understanding a lecture by Dr. Cornel West. Plaintiff objected to Brown's comments, causing Brown to call Plaintiff a "know-it-all." Brown also ignored Plaintiff's objections to the funding of a building project. Plaintiff does not allege that Brown's actions had anything to do with her gender, race, or age, or that she suffered an immediate adverse employment action.

King, in 2012, embarrassed Plaintiff in front of others by (a) asking the other deans to submit reports to him, instead of Plaintiff, (b) forcing her to condense a presentation, and (c) shouting at her during a presentation. Plaintiff alleges that King treated two other Associate Deans, Terry Mena ("Mena"), a Hispanic male, and A.J. Chase ("Chase"), a Caucasian female, more favorably.

## 2013 Rotela Incident

On February 26, 2013, Plaintiff received a security incident report regarding FAU student Ryan Rotela ("Rotela").[2] Following an investigation into the incident, Plaintiff sent a Notice of Charges letter to Rotela and instructed him to not attend class until FAU resolved the matter. Plaintiff attempted, but was unable, to confer with King before she took action against Rotela. On March 25, 2016, FAU dropped all charges against Rotela. Brown then advised Plaintiff that FAU wanted to reprimand her for her handling of the Rotela Incident. Plaintiff objected, noting that FAU did not reprimand Mena and Chase after their handling of similar incidents in a similar manner. On April 26, 2013, FAU terminated Plaintiff, effective October 25, 2013. Plaintiff's replacement, William Hortsman ("Hortsman") was under the age of fifty-five.

---

2   Though this incident was widely reported by the national media, Plaintiff provides very little detail about

## II. Procedural Background

Plaintiff filed her Second Amended Complaint on September 25, 2015, asserting: (1) gender, race, and age discrimination claims against FAU under both Title VII and the Florida Civil Rights Act ("FCRA") (Counts I-V), (2) gender, race, and age discrimination and retaliation claims against Brown and King under 42 U.S.C. § 1983 (Counts VI and VII), and (3) retaliation claims against FAU under both Title VII and the FCRA (Counts VIII and IX) [ECF No. 35]. FAU has moved to dismiss, arguing that the statute of limitations bars any acts that occurred more than 300 days before Plaintiff filed her EEOC charge and that Plaintiff fails to state a claim for gender and age discrimination. Brown and King also move to dismiss, arguing that Plaintiff cannot maintain a Title VII case against them, that Plaintiff has failed to state a § 1983 claim, and that they are entitled to qualified immunity.

## ANALYSIS

### Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must

---

the incident other than that Rotela threatened his professor in class.

"plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

I.   **Analyzing Title VII, § 1983, and FCRA Claims**

Title VII, the Equal Protection Clause of the Fourteenth Amendment, and the FCRA all prohibit discrimination on the basis of race and gender. *See* 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1983; Fla. Stat. § 760.10 *et seq.* The FCRA also prohibits discrimination on the basis of age. Fla. Stat. § 760.10. The Court applies the same legal analysis to Title VII, § 1983, and FCRA claims that are based on the same set of facts. *Quigg v. Thomas County School Dist.*, ---F.3d---, No. 14-14530, 2016 WL 692177 at *3 (11th Cir. Feb. 22, 2016) (Title VII and § 1983); *Hampton v. City of South Miami*, 186 Fed. Appx. 967 n. 2 (11th Cir. 2006) (Title VII and FCRA).

II.  **Discrimination and Retaliation Claims against King and Brown**

In her § 1983 claims, Plaintiff alleges that King and Brown, in their individual capacities, discriminated against her in violation of Title VII, the FCRA, and the Fourteenth Amendment. King and Brown argue that Plaintiff may not bring employment discrimination claims against them in their individual capacities.

Title VII and the FCRA do not impose individual liability. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are … inappropriate."); *Huck v. Mega Nursing Services, Inc.*, 989 F.Supp. 1462, 1464 (S.D. Fla. 1997) ("[I]ndividual suits are not permitted under the Florida Civil Rights Act."). Plaintiff, therefore, may not proceed against King and Brown in their individual capacities under Title VII or the FCRA. However, Plaintiff also

bases her § 1983 claims on the Equal Protection Clause of the Fourteenth Amendment. Under § 1983, Plaintiff may bring race and gender discrimination claims against King and Brown in their individual capacities based on the Fourteenth Amendment. *See Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1268 (11th Cir. 2003) (holding fire chief, sued in his individual capacity, violated the equal protection clause, but was entitled to qualified immunity); *Busby*, 931 F.2d at 782 ("the district court erred in awarding a directed verdict on Busby's section 1983 racial discrimination claim against Noble, Paden, and Mays in their individual capacities…").

To the extent Plaintiff's individual claims against King and Brown are for age discrimination or retaliation, they must be dismissed. The ADEA is the exclusive remedy for age discrimination claims. *See Ray v. City of Opa-Locka, Florida*, No. 12-CV-21769, 2012 WL 4896162 at *3 (S.D. Fla. Oct. 15, 2012) (citing *Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981)). In addition, § 1983 does not provide an avenue for Plaintiff's retaliation claims. *See Jolivette v. Arrowood*, 180 Fed. Appx. 883, 887 (11th Cir. 2006) ("no clearly established right exists under the *equal protection* clause to be free from retaliation") (citations omitted). Accordingly, Plaintiff's § 1983 claims against Brown (Count VI) and King (Count VII) are limited to race and gender discrimination in violation of the Fourteenth Amendment.

**III.   Relevant Time Period for all Claims**

Title VII and the FCRA each require a plaintiff to file a charge of discrimination with the EEOC before filing suit in the district court. *See Abram v. Fulton County Government*, 598 Fed.Appx. 672 (11th Cir. 2015). In deferral states, such as Florida, a plaintiff must file the charge with the EEOC "within 300 days after the alleged unlawful employment practice occurred. . ." 42 U.S.C. § 2000e-5(e)(1). Claims under the FCRA are subject to a 365-day statute of limitations. Fla.Stat. § 760.11(1) (2015). "A claim is time barred if not filed within these time limits." *National*

*R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).  As Plaintiff filed her Charge of Discrimination with the EEOC on February 13, 2014, her pre-April 19, 2013, allegations are time-barred under Title VII, and her pre-February 13, 2013, allegations are time-barred under the FCRA.

Plaintiff argues that the Court may consider acts occurring before February/April, 2013, because they constitute continuing violations of her civil rights.  The continuing violations doctrine permits an extension of the statutory limitations period where the discriminatory acts constitute a "continuing violation."  *See Morgan,* 536 U.S. at 120; *Abram,* 598 Fed.Appx. at 674-75.  However, "discrete discriminatory acts are not actionable if time barred, even when they are related to timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113.  This Court's task, therefore, is to determine whether each of Defendants' alleged acts are discreet occurrences, such that a majority of them are time barred, or are part of a continuing violation such that the Court may consider them all.

In *Morgan*, the Supreme Court distinguished between discrete acts of discrimination, such as termination, failure to hire, transfers, or failures to promote, from hostile-work environment claims.  *Id.*

> We hold that the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period.  We also hold that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period.

*Id.* at 105.  Accordingly, courts have found the continuing violations doctrine inapplicable in situations where the plaintiff does not raise a hostile-work environment claim and bases the claim on discrete acts of alleged discrimination.  *See Abram*, 598 Fed.Appx. at 676 (continuing violations doctrine inapplicable where plaintiff did not raise a hostile-work-environment claim and all of her claims raised separate instances of the defendant's failure to grant her requested accommodations);

7

*Ledbetter v. Goodyear Tire and Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (discriminatory pay-setting decisions were discrete acts); *Varnado v. Mukasey*, No. 08-61331, 2010 WL 2196263 at * 2 (S.D. Fla. June 1, 2010) (biased evaluation, placement on performance improvement plan, and failure to promote were all discreet acts of discrimination and not part of a continuing violation).

Plaintiff's allegations include multiple incidents beginning well before the statutory limitations period. The Court finds the alleged incidents are discreet acts of discrimination and, therefore, the continuing violations doctrine does not apply.³ Indeed, Plaintiff concedes that she is not bringing a hostile work environment claim. *See* [ECF No. 47]. The only pre-April 2013, allegations directly connected to Plaintiff's actionable claims are those relating to the Rotela incident. Accordingly, in evaluating Plaintiff's claims, the Court will consider all alleged acts relating to the Rotela incident, beginning on February 26, 2013.

## IV.   Race and Gender Discrimination

Plaintiff has alleged race and gender discrimination claims against FAU and the individual Defendants. To state a discrimination claim, "a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race [or gender] discrimination.'" *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). "The complaint 'need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case . . . because *McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement.'" *Id.* (citations omitted).

---

3  The Court notes that most of the alleged acts – including comments about Plaintiff's ivy league education or middle school students -- do not appear to have any relationship to Plaintiff's race, age, or gender. Title VII prohibits discrimination based on a person's membership in a protected group. "Title VII is not a civility code, and not all profane or sexual language or conduct will constitute discrimination in the terms and conditions of employment." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010). King and Brown might have been inconsiderate, crude, or harsh, but if they did not base their actions on Plaintiff's race, gender, or age, then Plaintiff has no Title VII disparate treatment claim.

8

The allegations regarding the Rotela Incident are sufficient to infer intentional race or gender discrimination. Plaintiff asserts that, based on her race and gender, Defendants disciplined and fired her for her handling of the Rotela Incident and treated Mena, a Hispanic man, and Chase, a Caucasian woman, more favorably for similar incidents. Plaintiff alleges Defendants treated her different because of her race and gender. Defendants argue that Plaintiff fails to allege the elements of a *McDonnell Douglas* prima facie case.[4] This is not the standard. *See Surtain*, 789 F.3d at 1246. While Plaintiff might have a difficult time *proving* her prima facie case, at this stage of the litigation, the Court finds that Plaintiff has adequately *pled* her race and gender discrimination claims.

## V.     Age Discrimination Claim against FAU

Plaintiff also claims that FAU discriminated against her based on her age.[5] FAU argues that the Court should dismiss Count V because Plaintiff fails to allege that she was replaced by someone *substantially* younger than her. To establish a prima facie case of age discrimination, Plaintiff must prove that she was replaced by a "substantially younger person." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999). Plaintiff alleges that she is over the age of fifty-five and that Mena, Chase, and Hortsman are under the age of fifty-five. Defending on the exact ages of Plaintiff and her comparators, Plaintiff might not be able to prove that she was treated differently than a substantially younger person; but, at this stage of the litigation, her allegations are sufficient.

---

4    If, on a motion for summary judgment, Plaintiff proceeds under a mixed-motive discrimination theory, the Court will not use the *McDonnel Douglas* framework. Rather, as the Eleventh Circuit recently held, "a plaintiff asserting a mixed-motive claim need only produce evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) [a protected characteristic] was *a* motivating factor for the defendant's adverse employment action." *Quigg v. Thomas County School District*, ---F.3d---, No. 14-14530, 2016 WL 692177 at *1--- F.3d. --- (11th Cir. Feb 22. 2016).

5    The Court has already determined that Plaintiff may not bring a claim against King and Brown for age discrimination under the FCRA.

FAU also argues Plaintiff may not bring an age discrimination case in conjunction with a race and gender discrimination case. To prevail on a case for age discrimination, plaintiff must prove by a preponderance of the evidence that her age was the "but for" cause of her termination. *See Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 177-78 (2009) (holding that the ADEA does not authorize mixed-motive claims). However, the Federal Rules of Civil Procedure permit Plaintiff to plead alternative claims for relief. *See* FRCP 8 (a). Plaintiff will eventually be required to prove that age was the "but for" cause of her termination; but, at this stage of the litigation, her allegations are sufficient to state a claim.

## VI. Retaliation Claim against FAU

Title VII prohibits retaliation against an employee who has opposed an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a). To prove a prima facie case for retaliation, Plaintiff must establish that: "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir. 2008). Plaintiff contends that FAU fired her in retaliation for objecting to a potential reprimand when her counterparts were not threatened with similar reprimands. The Court finds these allegations are sufficient, at this stage of this litigation, to state a claim for retaliation.

## VII. Qualified Immunity

King and Brown also argue that they are entitled to qualified immunity. "Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right." *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000). The Court finds that Plaintiff has adequately alleged

facts that show a violation her rights under the Fourteenth Amendment. Accordingly, King and Brown's motions to dismiss on the basis of qualified immunity are denied.

## CONCLUSION

Based on the foregoing, the Court narrows the scope of this action. The actionable time frame is limited to those acts beginning with the Rotella incident in February, 2013. Within that time frame, Plaintiff's claims against FAU for race, gender, and age discrimination (Counts I-V), and retaliation (Counts VIII and IX) may proceed. Plaintiff's claims against King and Brown for race and gender discrimination (Counts VI and VII) may proceed. Plaintiff's claims against King and Brown for age discrimination and retaliation are dismissed. Plaintiff's claims against all of the defendants for retaliation are dismissed. It is therefore

**ORDERED AND ADJUDGED** that

1. Defendant Dr. Charles L. Brown Sr.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law [ECF No. 40] is **GRANTED** in part and **DENIED** in part.

2. Defendant Corey King's Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 41] is **GRANTED** in part and **DENIED** in part.

3. Defendant Florida Atlantic University Board of Trustees' Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 42] is **GRANTED** in part and **DENIED** in part.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2016

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE